WENTWORTH, Judge.
Appellant seeks review of an order by which he was held to be in contempt of court. We find that this adjudication was properly entered upon appellant’s failure to abide by prior orders relating to child visitation and production of the children in Florida, and we affirm the order appealed.
The parties’ marriage was dissolved in 1984 by a Colorado judgment which determined that the parties should share joint custody of the three children of the marriage. Appellee was established as the primary residential custodian of the children and appellant, who lived in Texas at the times here pertinent, was provided visitation. Appellee subsequently petitioned in Florida to establish the Colorado dissolution order as a Florida judgment. This pleading alleged that appellant had refused to return the children to appellee in Florida after visitation in Texas during summer vacation. Appellee thereafter filed an amended petition and appellant answered and counter-petitioned for modification, requesting custody of the two younger children. Home studies were undertaken, and the Florida court entered a temporary order determining that the two younger children should continue to reside with appellant in Texas, and that appellee should have visitation. In August 1988 the court entered another order establishing the Colorado dissolution decree as a Florida judgment, and maintaining shared parental responsibility but granting modification so as to place the children with appellant in Texas as their “primary physical residence.” This order also provided for visitation with appellee.
In June 1989 appellee filed a motion requesting that appellant be held in contempt for refusing to allow summer visitation as provided in the Florida order. At some point during the dispute between the parties the jurisdiction of the Texas courts was also invoked, and appellant unsuccessfully sought transfer of jurisdiction to that state. On June 30 the Florida court entered an order directing appellant to appear and show cause why he “failed to comply” with the prior order. The show cause order also directed appellant to bring the children, or cause them to be present/ before the Florida court at a hearing scheduled for July 12. Appellant requested a continuance in Florida, indicating that he was having difficulty arranging time off from work. A hearing was then held in Texas on July 10, upon a motion filed by appellant for an emergency temporary order. The Texas court entered an order dated July 11 finding that it had “exclusive jurisdiction,” and that “there is substantial evidence to support the allegations ... that there is an immediate, serious threat of danger to the children during periods of visitation in Florida.” The court ordered that appellee continue to have visitation, but that it be exercised in the state of Texas and that “the children shall not visit their mother in Florida” until an investigation of certain allegations was completed. The order also provided that the children “shall not be removed from the State of Texas until further order of this Court.”
On July 17, after the parties appeared with counsel, the Florida court entered an *405 order determining that it had jurisdiction and that appellant “did not deliver the children” as required by the June 1989 order, and that “visitation has not been provided” in accordance with the August 1988 order. Appellant was held to be in contempt of court for “failure to abide by” the prior orders, and sanctions were imposed until appellant produces the children and provides visitation as required by those orders.
Appellant asserts that he was unable to produce the children because he was prohibited from doing so by the Texas court, and argues that he may not be held in contempt for failure to obey the Florida orders unless he had the ability to comply with the orders. However, this defense is not available to a party who is responsible for creating the inability to comply. See e.g., Pesaplastic C.A. v. Cincinnati Milacron Co., 799 F.2d 1510 (11th Cir.1986). In the present case appellant did have the ability to comply with the orders of the Florida court, and the Texas order was obtained upon appellant’s own motion. While appellant characterizes this as an “emergency” foundationed upon concern for the children’s welfare, the alleged emergency could have been presented to the Florida court. Instead, appellant chose to seek relief in Texas and refused to comply with the orders entered in Florida. Insofar as the prior Florida orders were within the Florida court’s jurisdictional power and not void, appellant’s willful failure to comply with the orders subjects him to the contempt power of the Florida court. See e.g., Rubin v. State, 490 So.2d 1001 (Fla. 3d DCA 1986), rev. denied 501 So.2d 1283 (Fla.1986), cert. denied 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d 735 (1987); In re Elrod, 455 So.2d 1325 (Fla. 4th DCA 1984).
The parties debate whether one of the courts should have deferred to the other. Jurisdiction could be asserted in either state under applicable enactments, e.g., Texas as the home state or upon an “emergency,” see Family Code section 11.53, Texas Statutes, and Florida upon a “significant connection” with “substantial evidence” in the state, see section 61.1308, Florida Statutes. The federal Parental Kidnapping Protection Act, as cited by the parties, provides for continuing jurisdiction in accordance with state law as long as one of the contestants remains a resident of the state. See section 1738A(d) and (g), 28 U.S.C.A.; McDougald v. Jenson, 786 F.2d 1465 (11th Cir.1986); Heartfield v. Heartfield, 749 F.2d 1138 (5th Cir.1985). Florida could thus retain continuing jurisdiction under section 1738A(d), 28 U.S.C.A., insofar as there was a sufficient state law predicate for jurisdiction in accordance with section 61.1308, Florida Statutes.
Section 61.1314, Florida Statutes, which relates to simultaneous proceedings in other states, limits the jurisdiction of the Florida court only if a proceeding in another state is already pending when the jurisdiction of the Florida court .is invoked. In the present case the “emergency” Texas proceeding was not shown to be pending when the custody/contempt action was initiated in Florida. And even apart from any continuing jurisdictional predicate as to child custody matters under section 61.1308, the Florida court retained the authority and power to insure compliance with the existing Florida orders which had not been modified and remained in effect. While Heart-field suggests that another state might be able to enter temporary orders upon “an emergency need to protect the child,” as delineated in section 1738A(c)(2)(C), 28 U.S. C.A., since appellant could have sought such protection in Florida, but chose to deliberately pursue relief in another forum while declining to comply with the orders of the Florida court, it was within the authority of the Florida court to adjudge appellant to be in contempt of court.
The order appealed is affirmed.
ERVIN and BARFIELD, JJ., concur.