Argued and submitted May 18, reversed and remanded September 6, 1995, petition
for review allowed January 23, 1996 (322 Or 489)

In the Matter of the Marriage of

Rosellen NEVILLE,
*Appellant,*
*and*

Billy CARROLL,
*Respondent.*

(DR93-0688; CA A85354)

901 P2d 957

Richard D. Rodeman argued the cause and filed the brief for appellant.

Frank de la Puente Allen argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Mother appeals the court's order declining to exercise jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA). ORS 109.700 to ORS 109.930. On *de novo* review, we reverse and remand.

Mother and father were married in 1980. They separated when their child was born in July 1982 and were divorced in September in Texas. Mother was awarded custody. Mother remarried in 1983 and moved to California. In 1985, mother and her family moved to Oregon, where they have been continuous residents. Father has remained in Texas. Father did not see child from 1982 until 1992, when there was a supervised visitation in Oregon. Child's schooling and social connections are all in Oregon.

In 1990, father stopped making child support payments, and mother contacted the Texas support enforcement authorities, who began a proceeding to collect delinquent support. Father then moved, in October 1991, to amend the Texas divorce decree to provide for visitation with child. Mother objected to Texas jurisdiction for the modification by filing a "special appearance and plea to the jurisdiction on forum non conveniens," and the court denied her motions. In March and September 1992, hearings were held in the Texas court and, in June 1993, a modification order regarding visitation was entered. Mother certified the Texas decree and modification in Oregon and filed a motion for modification under the UCCJA.

The trial court recognized that it had jurisdiction under the UCCJA but declined to exercise that jurisdiction. It explained:

> "As the Court indicated in its decision letter of October 12, 1993, the Court probably would have allowed the motion to accept jurisdiction in Oregon if it had been filed before the matters in Texas came to a hearing. If the motion were filed at that time, the Court would have called the Texas judge and discussed the matter with him. Since, at that time, he would not have heard any of the evidence in the case, it would seem that there would be good likelihood that he would accede to Oregon jurisdiction. If he would not agree then, of course, this Court would have had to make a decision."

■     The trial court may well have been correct that, had mother filed her proceeding before the Texas matter was heard, a more efficient use of judicial resources might have been made. Under ORS 109.770(4), the court would have communicated with the Texas court. However, the UCCJA did not require mother to file her motion before the Texas proceeding was terminated. When that proceeding ended with the entry of an order on June 22, 1993, mother could proceed under the UCCJA in Oregon. She did so on June 25, 1993, by filing a motion to modify the Texas order.

■     Father argues that Oregon could not exercise jurisdiction because the Texas matter had not been stayed. ORS 109.760(1). That is not correct. Although there was a pending contempt proceeding against mother because of her failure to comply with the ordered visitation, father's motion to amend the decree had been concluded by the June 1993 order.

In *Grubs v. Ross*, 291 Or 263, 630 P2d 353 (1981), the Supreme Court explained the interrelationship of ORS 109.730[1] and ORS 109.840(1),[2] which provide the authority

---

[1] ORS 109.730(1) provides:

"A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and the parents of the child, or the child and at least one contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b) or (c) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction."

[2] ORS 109.840(1) provides, in part:

"If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the

of a forum state to modify a foreign custody decree under the UCCJA. The forum state may exercise its ORS 109.730 jurisdiction to modify a foreign custody decree unless prohibited by ORS 109.840(1), under which

"[t]he forum state is forbidden to modify a foreign decree if the decree state would *now* have jurisdiction to modify its initial decree 'under jurisdictional prerequisites substantially in accordance with [the Act] * * *.' " *Id.* at 273 (emphasis and brackets in original).

Jurisdictional prerequisites are those that are substantially in accordance with ORS 109.730. *Grubs*, 291 Or at 275. Oregon meets the jurisdictional requirements of ORS 109.730(1)(a) and (b). Oregon has been the home state of child since 1985, and mother and child have a significant connection with Oregon where there is substantial evidence regarding the care, training and personal relationships of child. ORS 109.730(1)(d) provides that the forum court has jurisdiction when "[i]t appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a) [or] (b)[.]" Texas did not meet the jurisdictional prerequisites. It is undisputed that, since infancy, child has had no connection with Texas. Although father resides in Texas, he had no contact with child for 11 years and there is no substantial evidence concerning the child's present or future care and training in that state.

The trial court here correctly recognized that it had jurisdiction.[3] Its deference to the Texas proceeding was an acknowledgement of the purpose of the UCCJA to avoid

court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with ORS 109.700 to 109.930[.]"

[3] Ironically, it appears that the Texas court likewise recognized that it did not meet jurisdictional prerequisites. In denying mother's challenge to jurisdiction, it stated:

"If this were a situation where there was simply a disagreement, a healthy disagreement as to whether or not this man would have two weeks in the summer or three weeks in the summer or every other weekend, it would present a different situation. I would then think that Oregon would probably be the forum for disposition of this case.

"But under the circumstances, where this matter has reached the level of termination, virtually reached a level of termination of this man's parental rights, * * * I'm going to leave the jurisdiction here in this court * * *."

jurisdictional competition and conflict with courts of other states. ORS 109.720(1). However, that purpose is not primary in the UCCJA. The purpose that pervades the UCCJA is to provide that child custody determinations will be made in the state where there is optimum access to evidence. *Grubs*, 291 Or at 270. It was error to defer to Texas jurisdiction when Texas did not meet the jurisdictional requirements of the UCCJA.

Reversed and remanded. No costs to either party.