ELAINE HILLIER vs. CRAIG HILLIER.

No. 96-P-899.

Suffolk. August 6, 1996. - October 17, 1996.

Present: WARNER, C.J., SMITH, & IRELAND, JJ.

*Parental Kidnapping Prevention Act. Jurisdiction,* Probate Court, Custody of child. *Parent and Child,* Custody.

In a proceeding to determine custody of two children in which a Florida court found that Florida was the home State of the children and thus that the Florida court had jurisdiction under Fla. Stat. § 61.1308(1)(a)(2), as amended by St. 1995, c. 95-147, to determine custody, a judge of the Probate Court was without jurisdiction, by virtue of § 1738A(g) of 28 U.S.C., the Parental Kidnapping Prevention Act of 1980, to subsequently adjudicate the custody dispute. [488-490]

CIVIL ACTION commenced in the Essex Division of the Probate and Family Court Department on March 12, 1996.

A motion to dismiss was heard by *Edward J. Rockett,* J.

Leave to prosecute an interlocutory appeal was allowed by *Greenberg,* J.

*Peter C. DiGangi* for the defendant.

*George P. Lordan, Jr.,* for the plaintiff.

WARNER, C.J. The plaintiff mother brought an action in the Probate Court seeking custody and support of the parties' two minor children. The defendant father filed a motion to dismiss or to decline jurisdiction, in relevant part under § 2(*d*) of G. L. c. 209B, the Massachusetts Child Custody Jurisdiction Act (MCCJA), on the basis of a pending custody action in Florida. A Probate Court judge denied the father's motion and entered a temporary order granting custody of the children to the mother and ordering that the children not be removed from Massachusetts. A single justice of this court granted the father's petition to file an interlocutory appeal from the order denying the motion to dismiss, and the father appealed. We reverse.

The parties' children were born on October 26, 1985, and April 29, 1987, respectively. The family lived in Massachusetts until February 14, 1994, when they moved to Florida, where the children attended school.[1] On June 19, 1995, the mother and children returned to Massachusetts, where they remained until August 14, 1995, when they returned to Florida. On August 27, 1995, the father, a commercial fisherman, left on a fishing trip and, without his knowledge, the mother and children returned to Massachusetts, where they remain.[2] The father continues to reside in Florida.

On January 4, 1996, the father filed a "Petition for Dissolution of Marriage and Other Relief" in the Circuit Court of the Twentieth Judicial Circuit, Collier County, Florida, requesting, inter alia, that the Florida court exercise jurisdiction over issues of child custody and support pursuant to Fla. Stat. § 61.1308(1)(a)(2) & (1)(b), the Uniform Child Custody Jurisdiction Act enacted in Florida.[3] The mother filed the present Massachusetts complaint for custody and support on March 12, 1996, and the father moved to dismiss that complaint on March 26, 1996.

On April 25, a judge of the Florida court entered an order (1) determining that the court had jurisdiction over the parties and the subject matter under Florida law and the Uniform Child Custody Jurisdiction Act §§ 1 et seq., 9 U.L.A. 233 (Master ed. 1988) (UCCJA)[4] and (2) requesting that the Massachusetts court defer jurisdiction over the minor children,

---

[1]The mother asserts that the family lived in North Carolina for approximately two weeks during March and April, 1995, but nothing turns on this.

[2]On August 31, 1995, the mother filed a complaint for divorce in Massachusetts, and served the father with the complaint in Florida on or about January 2, 1996. By order dated February 27, 1996, upon the father's motion and after hearing, a different judge of the Probate Court dismissed the complaint for lack of jurisdiction. The judge expressly declined deciding whether or not G. L. c. 209B applied. No appeal has been entered in this court.

[3]The father concurrently filed a "Declaration Under the Uniform Child Custody Jurisdiction Act," and moved the Florida court to determine jurisdiction and for the return of the children. By order of a Florida judge dated March 12, 1996, the mother's motion to dismiss the Florida complaint was denied.

[4]The UCCJA and the MCCJA, *supra*, are "similar but not identical." *Delk* v. *Gonzalez*, 421 Mass. 525, 529 n.2 (1995). The differences are not material to the issues raised in this case.

their custody, and child support issues. The Florida judge also ruled that Florida is the home State of the children, that it is in the best interest of the children that they be returned to Florida forthwith and that they attend school in Florida. The Florida judge granted the mother visitation rights. The next day, in Massachusetts, after a hearing in which the Probate Court judge was presented with the Florida order determining jurisdiction, he denied the father's motion to dismiss the Massachusetts custody complaint and entered a temporary order granting custody to the mother.

On appeal, the father raises another challenge to the jurisdiction of the Probate Court. He asserts that the Probate Court actions violated the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A (1995) (PKPA), and argues that the disposition in this case is controlled by *Delk* v. *Gonzalez,* 421 Mass. 525, 529-534 (1995). We agree. It is not seriously disputed that the Massachusetts Probate Court had jurisdiction over the custody issue.[5] "The jurisdictional inquiry, however, may not stop with an examination of our statute." *Id.* at 531. See *Custody of Brandon,* 407 Mass. 1, 11 n.11, 13-15 (1990). Here, as in *Delk,* the Probate Court was the second court called upon to adjudicate a custody dispute, and thus it must satisfy the jurisdictional demands of the PKPA.[6] *Delk, supra.*

The Florida judge made a custody determination consistent with § 1738A(a) of the PKPA, and expressly requested that the Probate Court defer its exercise of jurisdiction. The Florida court has continuing jurisdiction if it satisfies the jurisdictional requirements of both the PKPA and its State law. Although the children no longer lived in Florida on April 25, 1996, the Florida court's exercise of jurisdiction

---

[5] The children had resided in Massachusetts for more than six months prior to commencement of the mother's Massachusetts custody action, and thus Massachusetts is the home State of the children pursuant to G. L. c. 209B, § 2.

[6] The PKPA "applies principles of full faith and credit to custody judgments" and "encourag[es] [S]tates to honor the judgments of sister [S]tates." Kindregan & Inker, Family Law and Practice § 8.9, at 287-288 (1996). It "preempts State law that 'sufficiently injure[s] the objectives of the [F]ederal program.' *Archambault* v. *Archambault,* 407 Mass. 559, 567 (1990), quoting *Hisquierdo* v. *Hisquierdo,* 439 U.S. 572, 583 (1979)." *Delk* v. *Gonzalez, supra* at 531.

continued under § 1738A(c)(2)(A) & (E), (d) of the PKPA because the father remained in Florida. *Delk*, 421 Mass. at 533.

On the matter of whether Florida fulfilled the conditions of its State law for purposes of determining whether it had jurisdiction, we defer to the determination of the Florida court. *Id*. at 533-536. The parties contest whether the children left Florida to reside in Massachusetts on June 19, 1995, as the mother asserts, or on August 27, 1995, as the father argues. Under Florida law, "home State" is defined as "the [S]tate in which the child, immediately preceding the time involved, lived with his or her parents, [or] a parent . . . for at least 6 consecutive months," with "[p]eriods of temporary absence of any of the named persons . . . counted as part of the 6-month or other period." Fla. Stat. § 61.1306(5). Florida may exercise jurisdiction if it "[h]ad been the child's home [S]tate within 6 months before commencement of the proceeding and the child is absent from [Florida] because of his or her removal or retention by a person claiming custody . . ., and a parent . . . continues to live in [Florida]." Fla. Stat. § 61.1308(1)(a)(2), as amended by St. 1995, c. 95-147. The Florida judge found that Florida was the home State of the children, and that the Florida court had jurisdiction. Implicit in this is the Florida judge's acceptance of the father's version of the facts. We regard this finding as dispositive under Florida law. *Delk*, 421 Mass. at 533-534.

The Probate Court may not exercise jurisdiction by virtue of § 1738A(g) of the PKPA which provides that "[a] court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination."[7] See *Delk* v. *Gonzalez, supra* at 531.

---

[7]Under § 1738A(b)(3) of the PKPA, "custody determination" means "a judgment, decree, or other order of a court providing for the custody or visitation of a child, and included permanent and temporary orders, and initial orders and modifications." The Florida judge's order of April 25 falls within this definition.

The order dated April 26, 1996, denying the defendant's motion to dismiss or to decline jurisdiction is reversed. A judgment is to enter dismissing the action for lack of jurisdiction.

*So ordered.*