JANET ROGERS FORTIER *vs.* ROSS M. ROGERS.

No. 96-P-2054.

Hampden. January 16, 1998. - May 12, 1998.

Present: GREENBERG, DREBEN, & LENK, JJ.

*Divorce and Separation,* Jurisdiction. *Massachusetts Child Custody Jurisdic-*
*tion Act. Parental Kidnapping Prevention Act. Jurisdiction,* Divorce
proceedings.

A Probate Court judge correctly concluded that, by virtue of the Parental
Kidnapping Prevention Act, 28 U.S.C. § 1738A(c)(2)(E), the Probate
Court lacked jurisdiction to hear a mother's complaint to modify a decree
properly made in Florida concerning a father's visitation rights, where the
Florida court had not only not declined jurisdiction over the matter but
also had specifically determined that it was vested with continuing jurisdic-
tion over the dispute. [733-735]

COMPLAINT for modification of foreign judgment filed in the
Hampden Division of the Probate and Family Court Department
on July 9, 1996.

The case was heard by *Marie E. Lyons,* J., on a motion to
dismiss.

*Richard J. Fallon* for the plaintiff.

*Stephen N. Krevalin,* for the defendant, submitted a brief.

DREBEN, J. In 1996, the former husband (husband) brought an
action in Florida to enforce a joint stipulation as to visitation
which had been incorporated in a 1993 Florida court order. A
Florida court entered two orders on May 31, 1996, one denying
the motion of the former wife (wife) to dismiss for lack of
jurisdiction and the other ordering, inter alia, that the wife send
the parties' two children to Texas for five weeks during the
summer of 1996. Several weeks later, on July 9, 1996, the wife
filed a complaint in Massachusetts to modify the Florida judg-
ment. A probate judge allowed the husband's motion to dismiss
for lack of jurisdiction. The wife appeals, claiming that Mas-

sachusetts is the home State of the children under G. L. c. 209B, § 2, and that Florida lost jurisdiction over the custody of the two daughters because the husband has moved to Texas. See 28 U.S.C. § 1738A(d) (1994); note 3, *infra*. We affirm the judgment of dismissal.

In her affidavit, which is not contested, the wife alleges, among other things, that she and the children moved to Massachusetts with the permission of a Florida court, that the children have lived in Massachusetts since January, 1993, and that the husband moved from Florida to Texas in 1995. In addition to complaining about the conditions of the children's previous visit in Texas, the wife asserts that the husband does not have a permanent address in Houston, Texas, and "keeps moving."

We assume that Massachusetts, the home State of the children, has jurisdiction under the Massachusetts Child Custody Jurisdiction Act (MCCJA), G. L. c. 209B.[1] As "the second court to be called upon to adjudicate [this] custody dispute," Massachusetts must also satisfy the jurisdictional demands of the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A (1994). *Delk* v. *Gonzalez*, 421 Mass. 525, 531 (1995). *Hillier* v. *Hillier*, 41 Mass. App. Ct. 486, 488 (1996).

Subsection (f) of PKPA, set forth in full in the margin,[2] permits modification of a decree properly made in another State if the later court has jurisdiction *and* "the court of the other State no longer has jurisdiction, or . . . has declined to exercise such jurisdiction to modify such determination." Florida has not declined jurisdiction. Thus, the question is whether the Florida court is vested with continuing jurisdiction under the PKPA,

---

[1]Massachusetts is the home State under G. L. c. 209B, § 2(*a*)(1), and, for the reasons set forth in *Custody of Brandon*, 407 Mass. 1, 9-11 (1990), G. L. c. 209B, § 2(*e*), would not bar Massachusetts from modifying the Florida judgment.

[2]Title 28 U.S.C. § 1738A(f) provides:

> "(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —
>
> > (1) it has jurisdiction to make such a child custody determination; and
> >
> > (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination."

other relevant parts of which are set forth in the margin.[3] This determination depends on whether, under Florida law, the Florida courts have continuing jurisdiction under § 1738A(c)(1) and, if so, whether one of the conditions of subsection (c)(2) is met. The only pertinent condition is subsection (c)(2)(E) which refers to subsection (d). That subsection requires that Florida remain "the residence of the child or of any contestant."

That determination, too, must be evaluated by Florida law. As stated in *McDougald* v. *Jenson*, 786 F.2d 1465, 1483 (11th Cir.), cert. denied, 479 U.S. 860 (1986), "in the absence of a [statutory] definition [of 'residence'], Congress should be considered to have intended that a litigant's residence for the purposes of section 1738A would be his or her legal residence or domicile. Further, the party's legal residence should be determined in accordance with the state law applicable. . . ." See Parental Kidnapping Prevention Act of 1979: Joint Hearing on S. 105 Before the Subcommittee on Criminal Justice of the Committee on the Judiciary and the Subcommittee on Child and Human Development of the Committee on Labor and Human Resources, 96th Cong. 2d Sess. 147 (1980) (prepared statement of Russell M. Coombs).

The wife argues that the husband no longer resides in Florida.[4] That argument is, however, not open to her in Massachusetts.

---

[3]Title 28 U.S.C. § 1738A(c) and (d) provide, in relevant part:

"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —

    (1) such court has jurisdiction under the law of such State; and

    (2) one of the following conditions is met:

. . .

        (E) the court has continuing jurisdiction pursuant to subsection (d) of this section.

"(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State *remains the residence* of the child or *of any contestant*" (emphasis supplied).

[4]While the wife may not now argue that the husband is not a legal resident of Florida, we note that in any event she has not proved a lack of domicile in Florida. "[U]nder Florida law, one's domicile, once properly established, is presumed to continue and the burden of proof ordinarily rests on the party asserting the abandonment of one domicile to demonstrate the acquisition of

The Florida court not only refused to decline jurisdiction, but in May, 1996, entered an order denying the wife's motion to dismiss for lack of jurisdiction. In that order, the Florida court stated:

> "THIS CAUSE having come before this Honorable Court upon the Former Wife's Motion to Dismiss for Lack of Jurisdiction, the Court having reviewed the file and having heard testimony of the parties and their respective attorneys and being otherwise duly advised, it is hereby ORDERED . . . ."

Thus, the matter of Florida's jurisdiction was litigated in Florida and the "determination on this point by a [Florida] court must be dispositive." *Delk* v. *Gonzalez,* 421 Mass. at 533. *Hillier* v. *Hillier,* 41 Mass. App. Ct. at 489. See *MacDougall* v. *Acres,* 427 Mass. 363 (1998). The wife did not appeal from the Florida determination, nor has she shown anything to suggest that the question of jurisdiction was not fully litigated. *Durfee* v. *Duke,* 375 U.S. 106, 112-113 (1963). See *Bassett* v. *Blanchard,* 406 Mass. 88, 90 (1989). Accordingly, the Massachusetts probate judge was correct in dismissing the wife's complaint for lack of jurisdiction.[5]

*Judgment of dismissal affirmed.*

---

another. See, e.g., *Miller* v. *Nelson,* 160 Fla. 410 (1948). See also *Texas* v. *Florida,* 306 U.S. 398, 427 (1939)." *McDougald* v. *Jenson,* 786 F.2d at 1483. (Parallel citations omitted.) The wife's allegations are insufficient to show that the husband has acquired a domicile in Texas because she asserted in her affidavit, "[he] does not have a permanent address in Houston, Texas and keeps moving."

[5]The wife's complaint also claimed a failure of the husband to comply with an order to pay medical bills. Her argument, if any, on that issue is incomprehensible and it is not clear that she is pursuing that claim. If she is pursuing the claim, she may, within thirty days of the rescript, file a motion to let stand in the Probate Court count 5 of her complaint.