## RICHARD C. CRICENTI *vs.* PAULA WEILAND.

No. 96-P-1345.

Middlesex. January 16, 1998. - May 19, 1998.

Present: GREENBERG, DREBEN, & LENK, JJ.

*Parental Kidnapping Prevention Act. Jurisdiction,* Probate Court, Custody of child. *Uniform Child Custody Jurisdiction Act. Probate Court,* Jurisdiction, Custody of child. *Divorce and Separation,* Child custody.

A divorced Massachusetts mother and her former husband, a resident of New Hampshire, were precluded by the provisions of the Massachusetts Child Custody Jurisdiction Act, G. L. c. 290B, § 2(*d*), and the Federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A(d), from agreeing that, as a condition of the mother's moving to Nebraska (to be with her present husband) and taking their two children with her, the Probate and Family Court would have exclusive continuing jurisdiction over child custody issues, and the mother was entitled to relief from a judgment of contempt for having filed a petition in the State of Nebraska, the children's then home State, for modification of the terms of visitation. [788-792]

COMPLAINTS for modification of a divorce judgment filed in the Middlesex Division of the Probate and Family Court Department on February 12, 1992, and October 13, 1994, respectively.

A proceeding for contempt, commenced on May 9, 1996, was heard by *Edward M. Ginsburg*, J., and a motion for relief from judgment was heard by him.

*David E. Cherny* for the defendant.

*David H. Lee* for the plaintiff.

DREBEN, J. In the recent case of *MacDougall* v. *Acres*, 427 Mass. 363, 371 (1998), the Supreme Judicial Court held that a Massachusetts judgment incorporating an agreement of the parties that the Massachusetts Probate and Family Court would retain jurisdiction over custody matters was ineffective by reason of G. L. c. 209B, the Massachusetts Child Custody Jurisdiction Act (MCCJA), and 28 U.S.C. § 1738A (1988), the Parental Kidnapping Prevention Act (PKPA). We hold that, in this case,

too, these statutory provisions require reversal of the judgment entered by a Massachusetts Probate judge, who, relying on an agreement of the parties, held the wife in contempt for filing a complaint for modification in Nebraska.

The issue arose in the following context. When the wife's second husband lost his position in Massachusetts and obtained employment in Nebraska, the wife, in October, 1994, filed a complaint in Massachusetts seeking permission to move to Nebraska with the two minor children of her first marriage.[1] See G. L. c. 208, § 30. She and her first husband (husband), then and now a resident of New Hampshire, negotiated an agreement permitting her to move to Nebraska on certain conditions. One of the conditions was:

> "The Middlesex Probate & Family Court, Ginsburg, J. shall retain exclusive jurisdiction over the issues of custody, visitation, and enforcement of the terms of this agreement."

A judgment entered, on the same date as the agreement, "order-[ing] . . . the parties . . . to comply with the terms of an Agreement dated November 22, 1994 filed, incorporated and merged in this Judgment." The wife and the children moved to Nebraska on March 1, 1995.

In October, 1995, the husband filed a complaint for contempt claiming that the wife had failed to send the two minor children to him for a four-day October visit as provided in the 1994 judgment. After hearing, the judge ordered the wife to send the children to the husband in October. The wife did not contest jurisdiction in that proceeding although at the time of the filing of the contempt action she had been living in Nebraska for more than seven months.

Notwithstanding the 1994 agreement and the judgment providing for exclusive jurisdiction in Massachusetts, the wife, on April 17, 1996, filed a petition in Nebraska to modify the terms of visitation. Under Nebraska law, as well as under the MCCJA, and the PKPA, Nebraska is the "home State" of the children and, as such, has jurisdiction. See note 6, *infra.* Noti-

---

[1]The children were born on May 8, 1981, and March 29, 1985. The parties were divorced in New Hampshire. After the wife moved to Massachusetts with the children, a modification of the divorce judgment was entered in Massachusetts in 1992 in accordance with an agreement of the parties.

fied of the action, the husband filed a complaint for contempt in Massachusetts on May 9, 1996. After a hearing, Judge Ginsburg, on May 15, 1996, noting that jurisdiction in Massachusetts was a condition of the wife's removal of the children, found the wife in contempt "by reason of her having initiated proceedings in the State of Nebraska seeking to have Nebraska assume jurisdiction over the parties' two minor children . . . notwithstanding this court's judgment." He enjoined her from proceeding in Nebraska, and ordered her to pay the husband's counsel fees and costs in connection with the contempt hearing and in connection with a motion filed by the husband in Nebraska asking that court to decline jurisdiction.[2] Nebraska took the matter under advisement and has not, to our knowledge, taken any further action.

The wife moved for relief from judgment arguing that Massachusetts lacked jurisdiction under the MCCJA and was also precluded from exercising jurisdiction under the PKPA. The motion was denied on June 12, 1996, the judge, after hearing, ruling:

> "The parties negotiated in good faith an agreement which allowed the wife to remove with the two children to Nebraska. As part of the negotiations the parties agreed that this court would retain jurisdiction of the child issues and the wife appointed her attorney as resident agent for service.
>
> "At the time of the divorce and now, the husband lives in Amherst, N.H. which is ten miles across the border. He works for a company in Acton, Mass. 3 miles from the

---

[2]The contempt proceeding in this case must be viewed in light of the MCCJA and PKPA. Compare *Custody of Brandon*, 407 Mass. 1, 8 (1990), and other simple enforcement orders of a previous custody or visitation judgment. See *Hopper* v. *Hopper*, 559 So. 2d 403, 405 (Fla. Dist. Ct. App. 1990); *Ray* v. *Ray*, 820 S.W.2d 341, 345 (Mo. App. 1991). The contempt judgment here directly enjoined the wife from proceeding in Nebraska, the child's "home State." Since we hold that Massachusetts did not meet the criteria under MCCJA or PKPA for maintaining continuing jurisdiction over a child custody dispute, the contempt judgment, which attempted to preclude the wife from proceeding in the home State, even if not an order "providing for the custody of or visitation rights with a child," G. L. c. 209B, § 1, see note 3, *infra*, sufficiently interfered with the intent of both Congress and the Massachusetts Legislature to preclude its validity. See *Archambault* v. *Archambault*, 407 Mass. 559, 567 (1990).

courthouse. Under the doctrine of continuing jurisdiction and because if someone could ignore the part of an agreement which she decided to change, parties would not be able to negotiate removal cases. This court feels that it should retain jurisdiction until the wife appears here and convinces the court to relinquish jurisdiction under the doctrine of forum non conveniens. If the husband has to go to Nebraska on the issue, one of the significant aspects of the separation agreement has been abrogated."

Whatever force the judge's arguments might have in the absence of statute, the purposes and provisions of MCCJA and of PKPA, as well as the interpretation of those statutes in Massachusetts and elsewhere, preclude the parties from conferring continuing jurisdiction on the Massachusetts court. *MacDougall* v. *Acres*, 427 Mass. at 368-371.

The husband argues that because the Massachusetts judge (in 1996) found that the wife was in contempt of the 1994 judgment, Massachusetts is the first court which adjudicated the custody dispute and that Nebraska is the second court. As such, it has no jurisdiction to modify the Massachusetts custody determination because Massachusetts has refused to decline jurisdiction based on the parties' expressed intent. That argument is foreclosed by *Umina* v. *Malbica*, 27 Mass. App. Ct. 351, 357 (1989), where we held that a modification proceeding is a new action for purposes of determining jurisdiction. In that case, we viewed "the date of the commencement of the custody proceeding" in modification cases (here, April 17, 1996) as the time when the request for modification was filed, see G. L. c. 209B, § 2(*a*)(1), set forth in note 5, *infra*, and noted at 357-358:

"Neither the statutory language, reason, nor cases decided under the [MCCJA] support the single continuous proceeding approach. The statute speaks of 'jurisdiction to make a custody determination by initial *or* modification judgment' (emphasis supplied). Use of the disjunctive signals a legislative intention to treat modification proceedings as distinct from initial ones. Reason favors treating modification proceedings as separate and fresh ones because, if it were otherwise, jurisdiction would lodge perpetually with the State where the initial custody order had been made, potentially long after that State had any relevant contact with the child."

Nor can the 1994 judgment together with the 1995 visitation order constitute pending proceedings in Massachusetts so as to preclude jurisdiction in Nebraska under Neb. Rev. Stat. § 43-1206 (1995), Nebraska's analog to c. 209B, § 2(*d*).[3] The provisions barring the exercise of jurisdiction while a proceeding is pending in another State are "designed generally to apply to situations in which no custody determination has yet been made on a matter pending before a foreign court . . . ." *Custody of a Minor (No. 3)*, 392 Mass. 728, 733 (1984). *Custody of Brandon*, 407 Mass. 1, 8-9 (1990). Since Massachusetts had already entered its custody orders in 1994 and 1995, there was no proceeding pending in Massachusetts after the 1995 judgment. Jurisdiction thereafter had to be determined under other sections of the act. See Uniform Child Custody Jurisdiction Act § 6 comment, 9 U.L.A. 220 (1988) ("Once a custody decree has been rendered in one state, jurisdiction is determined" by sections other than the provision relating to pending proceedings.) See *Wheeler* v. *Dist. Court*, 186 Colo. 218, 221 (1974); *In re Neville*, 136 Or. App. 403, 406 (1995); *Quenzer* v. *Quenzer*, 653 P.2d 295, 302 (Wyo. 1982), cert. denied, 460 U.S. 1041 (1983); McCahey et al., Child Custody & Visitation Law and Practice § 4.06[3], at 4-143 (1997). Indeed, it is Massachusetts that is barred from exercising jurisdiction by reason of c. 209B, § 2(*d*), see note 3, *supra*, because of the pending action in Nebraska.

That the parties here attempted by agreement to vest continued jurisdiction in Massachusetts, or that the wife did not object to jurisdiction in 1995, is of no significance. What is viewed as subject matter jurisdiction "cannot be conferred by consent, conduct or waiver." *MacDougall* v. *Acres*, 427 Mass.

---

[3]The Massachusetts provision relating to pending jurisdiction is c. 209B, § 2(*d*), inserted by St. 1983, c. 680, § 1, which states:

> "(*d*) A court of the commonwealth shall not exercise jurisdiction in any custody proceeding commenced during the pendency of a proceeding in a court of another state where such court of that state is exercising jurisdiction consistently with the provisions of this section for the purpose of making a custody determination, except in accordance with paragraph (3) of subsection (*a*), unless the court of the other state shall decline jurisdiction pursuant to paragraph (4) of subsection (*a*) or shall stay its proceedings or otherwise defer to the jurisdiction of a court of the commonwealth."

Paragraphs (3) and (4) of subsection (*a*) are described in note 5, *infra*, and are not applicable here.

at 371, quoting from *Litton Bus. Sys. Inc.* v. *Commissioner of Rev.*, 383 Mass. 619, 622 (1981).[4]

Indeed, our cases have stated that, with the passage of G. L. c. 209B, the exercise of jurisdiction by a Massachusetts court over a custody determination must be based "solely on G. L. c. 209B." *Redding* v. *Redding*, 398 Mass. 102, 106 (1986). *Guardianship of Zeke*, 422 Mass. 438, 441 (1996). *MacDougall* v. *Acres*, 427 Mass. at 366.

In addition to the bar against exercising jurisdiction under § 2(*d*), set forth in note 3, *supra*, there is here no statutory grant of jurisdiction. See G. L. c. 209B, § 2(*a*), the relevant portions of which are set forth in the margin.[5] When the wife

---

[4]A few cases elsewhere have allowed waiver of subject matter jurisdiction in special circumstances. In *Williams* v. *Williams*, 555 N.E.2d 142, 144-145 (Ind. 1990), the wife was living with one child in Illinois and the husband with one child in Indiana. The wife sought Indiana jurisdiction to adjudicate "unresolved issues" after an Indiana divorce. The court held that she had waived her claim that the Indiana court lacked subject matter jurisdiction. *B.J.P.* v. *R.W.P.*, 637 A.2d 74, 78-80 (D.C. App. 1994), recognized the general rule that subject matter jurisdiction may not be waived, but found special circumstances. The case also involved two children of the marriage, one living in the forum State and one in a different State. There are no such special circumstances here.

[5]General Laws c. 209B, § 2(*a*), in relevant part, provides:

"(*a*) Any court which is competent to decide child custody matters has jurisdiction to make a custody determination by initial or modification judgment if:

(1) the commonwealth (i) is the home state of the child on the commencement of the custody proceeding, or (ii) had been the child's home state within six months before the date of the commencement of the proceeding and the child is absent from the commonwealth because of his or her removal or retention by a person claiming his or her custody or for other reasons, and a parent or person acting as parent continues to reside in the commonwealth; or

(2) it appears that no other state would have jurisdiction under paragraph (1) and it is in the best interest of the child that a court of the commonwealth assume jurisdiction because (i) the child and his or her parents, or the child and at least one contestant, have a significant connection with the commonwealth, and (ii) there is available in the commonwealth substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

Paragraph (*a*)(3) provides for emergency cases and paragraph (*a*)(4) for cases where no other State would have jurisdiction. Neither applies here.

filed her petition for modification of visitation on April 17, 1996, the children had lived in Nebraska for more than six consecutive months, having moved there in March, 1995. Accordingly, as we have indicated, Nebraska, and not Massachusetts, is the home State, and there is no jurisdiction in Massachusetts under § 2(a)(1).[6] *MacDougall* v. *Acres*, 427 Mass. at 368.

There is also no jurisdiction under § 2(a)(2). "Massachusetts, unlike States more faithful to the UCCJA, does not explicitly reserve jurisdiction under a continuing jurisdiction or a 'best interest' provision." *Umina* v. *Malbica*, 27 Mass. App. Ct. at 358. Thus, under G. L. c. 209B, § 2(a)(2), Massachusetts can only exercise jurisdiction if it appears that no other State would have "home State" jurisdiction. Since Nebraska has such jurisdiction, this provision is inapplicable. *MacDougall* v. *Acres*, 427 Mass. at 368-369.

In addition, by reason of 28 U.S.C. § 1738A(d), set forth in the margin,[7] Massachusetts is precluded from exercising jurisdiction. Since, as we have indicated, the Massachusetts court was called upon to adjudicate the custody dispute subsequent to the Nebraska court having been asked to do so, it must satisfy the jurisdictional demands of the PKPA.[8] *Delk* v. *Gonzalez*, 421 Mass. 525, 531 (1995). *Hillier* v. *Hillier*, 41 Mass. App. Ct. 486, 488 (1996). Not only does Massachusetts not have jurisdiction under its own law, but the husband is a New Hampshire resident. Massachusetts does not remain "the residence of the child or of any contestant," as required by the Federal statute.

---

[6]"Home State" is defined in Nebraska and the PKPA as "the State in which the child immediately preceding the time involved lived with . . . a parent . . . for at least six consecutive months." Neb. Rev. Stat. § 43-1202 (1995). 28 U.S.C. § 1738A(b)(4) (1988). The MCCJA differs only in that it uses the date of "commencement of the custody proceeding" rather than the "time involved" in its determination of home State. G. L. c. 209B, § 2(a)(1). See note 5, *supra*.

[7]"(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met [i.e., if a State continues to have jurisdiction under its own law] *and such State remains the residence of the child or of any contestant*" (emphasis supplied).

[8]In *Delk* v. *Gonzalez*, 421 Mass. 525, 531 n.5 (1995), the court noted that "the UCCJA permits concurrent jurisdiction between States, while the PKPA's rules allow only one State to assert jurisdiction at a time."

The judgment of contempt is vacated and a new judgment is to enter dismissing the action for lack of jurisdiction.

*So ordered.*