WARNER, Judge.
The wife appeals an order holding her in contempt for failing to return to Palm Beach County with the parties’ minor child, contrary to an order of the court. The wife claims that she cannot comply with the order of return because to do so would violate the order of a sister state, which precludes the husband from having any contact with the child. The Department of Children, Youth and Families’ dependency proceedings in the sister state prevents the wife from purging herself from contempt. We therefore reverse the incarcerative portion of the sentence, as the wife does not have the present ability to comply with its provisions.
Just prior to the husband’s filing of a petition for dissolution of marriage, the wife removed the minor child to Rhode Island, claiming that the husband had abused the child. Based upon the wife’s ex parte petition, the Rhode Island family court awarded her sole custody grounded on allegations of abuse by the father, but it reversed itself a month later when it dismissed the complaint for lack of jurisdiction, after finding that Florida was the child’s home state under the Uniform Child Custody Jurisdiction Act (UC-CJA), 9 U.L.A. §§ 1-28 (1998). On March 13, 1998, the Florida trial court entered an order requiring the wife to return the child to Florida and ordered split custody between the wife and the husband. Instead of appealing that order, the wife went to the Rhode Island Department of Children, Youth and Families, which filed a petition for dependency on March 26, 1998, resulting in an ex parte order of dependency, precluding contact with the child by the husband.
On April 3, 1998, the husband filed a motion for contempt and enforcement in the Florida trial court. After a hearing, at which the wife did not appear either in person or by telephone, the court issued an order of contempt finding that the wife failed to comply *1178 with the March 13th order. While the court acknowledged that it was the wife’s position that she was following the direction of a Rhode Island court, the trial court found that Rhode Island did not have jurisdiction. It ordered her to be incarcerated until she returned the minor child to Palm Beach County.
This case is similar to Hopper v. Hopper, 559 So.2d 403 (Fla. 1st DCA 1990), in which the parties were litigating over post-dissolution visitation. The wife moved to hold the husband, who lived in Texas, in contempt for denying her visitation. Before the hearing could be conducted, the husband secured the order of a Texas court declaring that it had exclusive, jurisdiction and that there were serious threats of harm to the children should visitation proceed. Therefore, the Texas order effectively provided that any visitation had to be conducted in Texas. Thereafter, the husband furnished the order to the Florida court as his excuse as to why he should not be held in contempt.
The first district rejected the argument, finding that the defense is not available to a party who is responsible for creating the inability to comply. See id. at 405. The appellate court noted that the husband had the ability to comply with the Florida court orders when he moved for and obtained the Texas order. See id. Since the alleged emergency could have been presented to a Florida court, and the husband chose to seek relief in Texas instead, the first district concluded that the husband’s willful failure to comply with the Florida orders subjected him to contempt. Moreover, the Hopper court stated, the husband had not shown that the “emergency” Texas proceeding was pending when the contempt proceeding was initiated in Florida. The court noted further that even apart from any continuing jurisdictional predicate, the Florida court retained the authority and power to insure compliance with existing Florida orders which had not been modified and remained in effect.
Appellant distinguishes Hopper by arguing that she did not file the petition for dependency in Rhode Island; rather, a Rhode Island official was responsible for it. Despite this, it is incredulous for the wife to suggest that she had nothing to do with this filing. Additionally, there is no showing of compliance with the UCCJA or the prior order dismissing the wife’s complaints.
Nevertheless, in the instant case, there remains a jurisdictional dispute between Florida and Rhode Island regarding the control of this child. According to the Rhode Island order, the child has been ordered to remain “at home,” which for purposes of that order means in Rhode Island. A petitioner can be incarcerated for contempt when the contemner has the present ability to comply with the order. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985). Here, the wife, who is in Rhode Island and governed by that state’s orders, cannot comply without violating the order of the state in whose jurisdiction she placed herself and the child. The order is not one which she sought in family court, which, as a private litigant she could have dismissed. Instead, Rhode Island, through its Department of Children, Youth and Families, has intervened and thereby implicated state interests. Because of the intervention of the state in these proceedings, we agree with appellant that she cannot be incarcerated for civil contempt for falling to return her child to Palm Beach County until the conflict between Rhode Island and Florida can be resolved.
We affirm, however, the finding of contempt, as the evidence shows that the wife was able to return the child pursuant to the March order but willfully refused and sought help fi*om the Rhode Island courts. Although we reverse the order of incarceration, we remand for further proceedings, including the possibility of criminal contempt proceedings.
STONE, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.