Kevin Heine (husband), the former husband of Rosangela Heine (wife), appeals from a judgment of divorce nisi (divorce judgment) and a related order of the Probate and Family Court (1) allowing the wife to travel to Brazil with the parties' child for twenty-one days per year, (2) requiring the parties to submit to the continuing, exclusive jurisdiction of Massachusetts for custody-related matters, and (3) awarding attorney's fees to the wife in connection with the husband's motion to stay the divorce judgment. We affirm the portion of the divorce judgment allowing the wife to travel internationally with the child; however, the provision allotting up to twenty-one days for such travel is vacated and remanded for further proceedings consistent with this memorandum and order. The portion of the divorce judgment pertaining to jurisdiction is reversed. The award of attorney's fees to the wife is vacated and remanded for further proceedings consistent with this memorandum and order.
Background. The wife, a native of Brazil, moved to the United States (U.S.) in 1994 and subsequently obtained her U.S. citizenship. The parties were married in June of 2006, and their child was born in November of 2012. In December of 2013, the parties and the child traveled together to Brazil to visit the wife's family. At that point, the parties' marriage had already begun to unravel. The husband ended up returning to the U.S. alone, while the wife and child remained in Brazil for several weeks before returning to the U.S. using plane tickets purchased by the husband.
In September of 2014, the husband initiated divorce proceedings in the Probate and Family Court. In November of 2014, the wife filed a motion seeking permission to travel with the parties' child to Brazil to attend her father's funeral. On November 17, 2014, following a hearing, a judge of the Probate and Family Court (motion judge) issued a temporary order (1) incorporating a stipulation of the parties agreeing to temporary shared legal custody of the child; (2) establishing a temporary parenting plan; and (3) prohibiting each party from traveling internationally with the child, absent the agreement of the other party. On February 11, 2015, the motion judge issued a second temporary order (1) incorporating a stipulation of the parties agreeing to a temporary holiday and vacation parenting schedule; and (2) prohibiting both parties from traveling internationally with the child until further order of the court.
In March of 2016, the parties entered into a separation agreement[2] settling nearly all of the issues relating to the divorce. The separation agreement provided, in relevant part, that the parties would have shared legal custody of the child and would adhere to a shared parenting plan under which the parties would enjoy approximately equal parenting time with the child. The separation agreement further provided that the parties would share the child's school vacations on an alternating basis, and each party would be entitled to have two nonconsecutive weeks of summer vacation with the child. The parties were unable to reach an agreement regarding the wife's request to travel to Brazil with the child.
On March 10, 2016, the parties went to trial on the issue pertaining the child's international travel. The judge heard testimony from both parties, along with representations of counsel, and directed the parties to submit memoranda on the international travel issue. The divorce judgment entered on June 13, 2016, incorporating the parties' separation agreement and adjudicating the international travel issue. The judgment permitted the wife to renew the child's passports (U.S. and Brazil) and to travel with the child to Brazil for up to twenty-one days each year. The judgment further required (1) the wife to register the judgment in Brazil, and (2) the parties to stipulate that the Massachusetts Probate and Family Court shall retain continuing and exclusive jurisdiction over any future custody disputes.
On July 6, 2016, the husband filed a motion for relief from judgment, which was denied on August 1, 2016. The wife thereafter filed a motion seeking an award of attorney's fees in connection with the husband's motion for relief from judgment. On August 12, 2016, the husband filed a motion to stay pending appeal. At the hearing on the husband's motion to stay, the judge also allowed the wife to be heard on her motion for attorney's fees. On September 9, 2016, the judge denied the husband's motion to stay and ordered him to pay the wife $1,250 in "attorney fees related to her opposition to the motion to stay." The present appeal by the husband followed.
Discussion. The husband argues that the judge erred in (1) allowing the wife to travel to Brazil with the child for up to twenty-one days per year, (2) ordering the parties to agree to Massachusetts having continuing and exclusive jurisdiction over future custody disputes, and (3) awarding the wife attorney's fees in connection with the husband's motion to stay. We address the husband's arguments in turn.
International travel. "In custody matters, the touchstone inquiry [is] ... what is 'best for the child.' " Hunter v. Rose, 463 Mass. 488, 494 (2012), quoting from Custody of Kali, 439 Mass. 834, 840 (2003). See G. L. c. 208, § 28. In determining the child's best interests, there is no "definitive list of criteria" for the judge consider. El Chaar v. Chehab, 78 Mass. App. Ct. 501, 506 (2010), quoting from Charara v. Yatim, 78 mass. App. Ct. 325, 334 (2010). Rather, "[t]he judge is afforded considerable freedom to identify pertinent factors in assessing the welfare of the child and weigh them as [he] sees fit." Smith v. McDonald, 458 Mass. 540, 547 (2010). "Findings of fact shall not be set aside unless clearly erroneous," J.S. v. C.C., 454 Mass. 652, 657 (2009), quoting from Mason v. Coleman, 447 Mass. 177, 186 (2006), and we "consider whether there was an abuse of discretion in how the judge accounted for the child's best interests." Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015).
Here, in determining the child's best interests, the judge weighed both the benefits and the potential risks associated with permitting the child to travel to Brazil with the wife. The judge found that traveling to Brazil was the child's only means of maintaining a relationship with his maternal grandmother, who had "been unable to get travel visas to visit the child in the United States." See Yannas v. Frondistou-Yannas, 395 Mass. 704, 712 (1985) (observing benefit to children in "strengthen[ing] their ties to family [outside of U.S.] and to [their mother's] culture"). The judge also considered whether there was a potential risk of harm to the child in allowing him to travel internationally with the wife. See Murphy v. Murphy, 380 Mass. 454, 461-462 (1980) ("child snatching" by parent and subsequent "captures" of child "can be harmful" and can cause "emotional and physical reactions in the child commensurate with these distresses" [quotations omitted] ).
In determining whether the circumstances of the case presented an "increased likelihood for an international abduction," the judge considered a list of "red flags" promulgated by the National Center for Missing and Exploited Children (NCMEC).[3] The judge acknowledged that while the NCMEC red flags "constitut[ed] neither expert testimony nor [binding] legal precedent," they nevertheless offered some "probative value." The judge made findings as to the NCMEC red flags and concluded that the wife "does not present criteria to fit the NCMEC's potential abductor profile."[4]
It is apparent from the judge's findings that he did not credit the husband's assertion that the wife intended to relocate to Brazil after the divorce. The judge found that the wife, a naturalized U.S. citizen, has resided in the U.S. continuously for over twenty years,[5] and has lived in Massachusetts for over ten years, and that the wife has ties to her local community in Cohasset[6] where the child is enrolled in school and where she is "actively looking for housing."
The judge also found that the wife has a potentially significant financial disincentive in returning to Brazil.[7] The judge noted that the wife has traveled to Brazil several times since she moved to the U.S. and has always returned. Moreover, neither the judge's findings, nor the evidence in the record, indicate that the wife has ever attempted, or even threatened, to abscond with the child to Brazil. To the contrary, the judge found that the wife had an "opportunity" to remain in Brazil with the child, "[a]t a time when she was already contemplating divorce" in December of 2013, but returned the child to the U.S. without incident.[8] The judge further found that the wife was willing to "commit" to certain safeguards recommended by NCMEC, including "conceding" to the "future exclusive jurisdiction" of Massachusetts "over any custody disputes, and registering ... such binding jurisdiction in the courts of Brazil."[9]
In sum, it is apparent that the judge viewed the risk of international abduction to be low, and that such risk was outweighed by the benefit to the child in maintaining a relationship with his mother's family in Brazil. Based on the record before us, we discern no abuse of discretion in the judge's weighing of the "pertinent factors" and implicitly concluding that the child's best interests would be served by traveling to Brazil with the wife.[10] See Smith, 458 Mass. at 547.
However, we agree with the husband that allowing up to twenty-one days for such travel is inconsistent with the terms of the separation agreement. The separation agreement provides that the parties shall share equally in the child's school vacations, and that each party shall be entitled to have the child for two nonconsecutive weeks during summer vacation. The judge did not explain whether the three consecutive weeks of international travel are in addition to, or lieu of, the two nonconsecutive vacation weeks allotted to the wife under the separation agreement. Moreover, by expanding the wife's vacation time without granting the husband a corresponding expansion, the judge undermined the clear intention of the parties to have equal vacation time with the child, as expressed in their separation agreement. See Colorio v. Marx, 72 Mass. App. Ct. 382, 386 (2008), quoting from Judge Rotenberg Educ. Center, Inc. v. Commissioner of the Dept. of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997) ("The interpretation of the separation agreement is a question of law, and is therefore 'afforded plenary review' "). Accordingly, while we affirm the judge's decision to allow the child to travel to Brazil, the provision allowing up to twenty-one days for such travel must be vacated and remanded. On remand, the judge shall (1) clarify whether the three consecutive weeks of international travel are meant to augment or replace the two nonconsecutive weeks of vacation allotted to the wife in the separation agreement, and (2) determine whether the husband is entitled to a corresponding expansion of his vacation time with the child, in light of the parties' expressed intentions in their separation agreement.
Jurisdiction. The husband also argues that the judge erred in ordering the parties to agree to be bound to the continuing and exclusive jurisdiction of the Massachusetts Probate and Family Court for all future custody-related matters. We agree. Pursuant to the Massachusetts Child Custody Jurisdiction Act (MCCJA), G. L. c. 209B, "a court must determine whether it has the power to exercise jurisdiction in a custody proceeding and, if so, whether it should exercise that power under the standards provided in the statute." Custody of Brandon, 407 Mass. 1, 5 (1990). "[T]he purposes and provisions of MCCJA and of [ 28 U.S.C. § 1738A (1988), the Parental Kidnapping Prevention Act (PKPA) ], as well as the interpretation of those statutes in Massachusetts and elsewhere, preclude the parties from conferring continuing jurisdiction on the Massachusetts court." Cricenti v. Weiland, 44 Mass. App. Ct. 785, 788 (1998). That the wife agreed "to vest continued jurisdiction in Massachusetts ... is of no significance. What is viewed as subject matter jurisdiction 'cannot be conferred by consent, conduct or waiver.' " Id. at 789, quoting from MacDougall v. Acres, 427 Mass. 363, 371 (1998). Accordingly, the portion of the divorce judgment pertaining to jurisdiction must be reversed.
Attorney's fees. A judge has broad discretion in awarding attorney's fees in a divorce case. See Moriarty v. Stone, 41 Mass. App. Ct. 151, 159 (1996) ; G. L. c. 208, § 38. "[A]mong the relevant factors to be considered" by the judge are "the ability of the wife's counsel, the work performed, the results secured, the time spent, the hourly rates, the existence of contemporaneous time records, the financial positions of the parties, and the husband's obstructionist conduct which prolonged the proceedings." Cooper v. Cooper, 62 Mass. App. Ct. 130, 141 (2004), quoting from Downey v. Downey, 55 Mass. App. Ct. 812, 819 (2002). Here, the judge awarded the wife $1,250 in attorney's fees "related to her opposition to the [husband's] motion to stay," finding that the husband filed the motion to stay in "bad faith." However, the wife sought attorney's fees related to the husband's earlier motion for relief from judgment. It is apparent from the record that at least a portion of the $1,250 in fees awarded to the wife was actually incurred in connection with the husband's motion for relief from judgment, rather than the husband's motion to stay. Moreover, to the extent the judge found the fees to be "reasonable," it appears that he did not have sufficient documentation regarding the services performed by the wife's counsel to evaluate the reasonableness of the fees.[11] Accordingly, the award must be vacated and remanded for a redetermination of the wife's original fee request. The judge may take further evidence on remand if necessary.
Conclusion.[12] So much of the judgment as permits the wife to travel internationally with the child is affirmed. The portion of the divorce judgment allowing the wife to travel with the child to Brazil for up to twenty-one days is vacated and remanded for further proceedings consistent with this memorandum and order. The portion of the divorce judgment pertaining to jurisdiction is reversed. The order awarding the wife $1,250 in attorney's fees related to her opposition to the husband's motion to stay is vacated and remanded for further proceedings consistent with this memorandum and order.
So ordered.
Affirmed and reversed in part; vacated in part and remanded.

In March of 2016, the parties executed a "memorandum of understanding," which was thereafter memorialized in a formal separation agreement executed on April 11, 2016.

In his decision, the judge noted, "[t]he nine NCMEC red flags are: previously abducted the child; threatened to abduct the child; no strong ties to the home [S]tate (U.S.); friends or family living in the other country; a strong support network in the other country; no job or financial ties to the U.S. home [S]tate; engaging in abduction planning activities such as quitting a job, selling a home, terminating a lease, closing a bank account, liquidating other assets, applying for a passport, birth certificates, school medical records, or undergoing plastic surgery; a history of marital instability, lack of cooperation with the other parent, domestic violence or child abuse; a criminal record."

The husband, who submitted the NCMEC factors to the judge for consideration, claims the judge erred in arriving at this conclusion. He argues that the judge made erroneous findings regarding certain red flags, while giving insufficient weight to others. We note that the judge was not required to consider any of the NCMEC red flags, and thus, putting aside the possible hearsay challenge (which is waived and we do not address), the judge was well within his discretion to weigh them as he saw fit. Moreover, to the extent the judge may have made some minor errors, they do not appear to be material to his decision to allow the child to travel to Brazil.

The judge found that the mother is a U.S. citizen; however, her Brazilian citizenship is "unclear." The mother's counsel represented at trial that the mother has dual citizenship; however, her Brazilian citizenship is not recognized by the U.S.

The judge found that the wife is an active member of her church and has "social bonds with other parents ... in the area."

The judge found that the wife is personally liable for debts in Brazil exceeding $200,000 in U.S. dollars. While the judge acknowledged that the wife stands to inherit a fractional interest in Brazilian real property previously owned by her deceased father, the property is the subject of ongoing litigation with several of her extended family members. The husband claims that the judge erred in failing to consider the potentially high value of the wife's inheritance. However, as neither party provided a value for the wife's inheritance at trial, we cannot say that it was error for the judge to omit the value of the inheritance from his analysis.

The husband claims on appeal that the wife did not return to the U.S. on the date agreed upon by the parties. However, neither the judge's findings nor the evidence at trial (including the husband's own testimony) indicate that the mother remained in Brazil with the child against the husband's objection.

The husband claims these safeguards are inadequate to protect the child because Brazil, despite being a signatory to the Hague Convention, has a history of noncompliance in custody matters. However, the judge weighed evidence presented by the husband regarding Brazil's alleged noncompliance and ultimately did not find it persuasive.

Moreover, to the extent the husband challenges the judge's credibility determinations, there is nothing in the record which would leave us "convinced" that the judge's credibility determinations were "plainly wrong," thus we decline to disturb them. Zaleski v. Zaleski, 469 Mass. 230, 237 (2014), quoting from Felton v. Felton, 383 Mass. 232, 239 (1981).

At the hearing on the wife's motion for attorney's fees, the judge struck the affidavit of costs accompanying the motion and instructed the wife's counsel to proceed on representations.

With respect to the husband's other arguments not addressed herein, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).