NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1299

KAMEEL NASR

vs.

LISI NASR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The former husband, Kameel Nasr (husband), appeals from a judgment of divorce nisi entered following a trial in the Probate and Family Court.  The husband argues that the judge erred in the division of the marital estate by awarding the marital home to the former wife, Lisi Nasr (wife).[1]  We affirm.

Background.  After approximately eighteen months of cohabitation, the parties married on January 27, 2019.  Both were in their seventies and had no children from the marriage.

---

[1] The husband also asserts error in the judge's award of a vehicle to the wife and order that the husband pay a portion of the wife's legal fees.  We decline to address these claims where the husband failed to develop either argument in his appellate brief.  See S.S. v. S.S., 104 Mass. App. Ct. 633, 641 (2024).

In 2019, they purchased a condominium (condo), which they used as the marital home.

The wife worked as an anthropologist at Harvard Medical School when the parties met, but she resigned from her full-time position after the parties moved in together. She also resigned from her part-time jobs with the city of Chelsea and Language Line. The husband was an author of six published books. He earned additional income from two rental properties. During their relationship, including prior to their marriage, the parties renovated and resold houses together. Much of the profits from these home sales went to the Curiosity Foundation (foundation), a nonprofit organization run by the husband. The judge credited the wife's testimony at trial that the foundation was not a legitimate nonprofit, and that the husband, who was the only person to transfer money out of the foundation, used it for his personal expenses.

Discussion. 1. Standard of review. When reviewing a judgment pursuant to G. L. c. 208, § 34, "[f]irst, we examine the judge's findings to determine whether all relevant factors in § 34 were considered." Bowring v. Reid, 399 Mass. 265, 267 (1987). "The second tier of our review requires us to determine whether the reasons for the judge's conclusions are 'apparent in his findings and rulings.'" Adams v. Adams, 459 Mass. 361, 371 (2011), quoting Redding v. Redding, 398 Mass. 102, 108 (1986).

2

"The power to make an equitable division of the marital estate is entrusted to the judge's discretion, and we review the decision to ensure the judge properly relied on the statutory factors enumerated in G. L. c. 208, § 34." Openshaw v. Openshaw, 493 Mass. 599, 613 (2024). "[A]n equitable, rather than an equal, division of property is the ultimate goal of G. L. c. 208, § 34." Williams v. Massa, 431 Mass. 619, 626 (2000). "We will not reverse a judgment with respect to property division unless it is plainly wrong and excessive" (quotation and citation omitted). Zaleski v. Zaleski, 469 Mass. 230, 245 (2014).

2. Award of the marital home. The husband contends that the judge abused his discretion by awarding the marital home to the wife. He argues that the judge's decision was inequitable, given the brevity of the marriage, and that the judge erred in his consideration of four specific issues relating to the statutory factors: (1) the source of the downpayment for the condo; (2) the wife's allegations of abuse; (3) the inclusion of the assets of the Curiosity Foundation in the marital estate; and (4) the wife's career change. We disagree.

The judge considered the relevant statutory factors, which include:

> "the length of the marriage, the conduct of the parties
> during the marriage, the age, health, station, occupation,
> amount and sources of income, vocational skills,

3

employability, estate, liabilities and needs of each of the parties, the opportunity of each for future acquisition of capital assets and income, and the amount and duration of alimony, if any, awarded . . . . The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit."

G. L. c. 208, § 34.  He noted several times in the judgment that the "very short term" length of the marriage factored into the resulting equitable division of marital assets.  He also found that the husband was the "primary financial contributor" to the marriage.  Consequently, the judge awarded the husband many of the assets with which he entered the marriage, including personal investment accounts and three other properties, but nevertheless awarded the wife the marital home.  We conclude that this property division was not "plainly wrong or excessive" (citation omitted).  Bernier v. Bernier, 449 Mass. 774, 794 (2007).  Furthermore, for the reasons discussed in more detail below, we discern no abuse of discretion in the weighing and balancing of the factors relating to the four issues that the husband specifically challenges.

a.  Commingled funds.  The husband contends that the judge erred by finding that the down payment on the condo came from commingled funds.  We disagree.

At trial, the wife testified that she helped the husband with his book sales by editing and marketing the books.  She

4

also testified that she helped the husband "flip" six houses prior to the purchase of the condo by cleaning the properties, improving their landscaping, and marketing the houses with videos and photographs. The judge credited the wife's testimony that she assisted the husband with "flipping of homes" and discredited the husband's testimony that the wife "did almost nothing." Although the record does not reflect clearly where the husband deposited the profits from each home sale, a substantial portion appears to have gone into the husband's personal accounts. The amount of money transferred between the foundation and the husband's personal accounts around the time of each house sale supports the judge's conclusion that the money in the husband's accounts, and later the downpayment, came from commingled funds. Additionally, the husband testified that he used his wife's income to qualify for the mortgage. We thus discern no error in the judge's conclusion that both parties "contributed to the purchase of the home," even if the husband was "the primary financial contributor."[2]

    b. The history of abuse. Next, the husband asserts that the judge abused his discretion by giving "too much weight" to

_____

    [2] Regardless of whether the judge labelled the downpayment funds as "commingled," he had the discretion to divide the condo equitably. See § 34 (permitting division of "all or any part of the estate of the other," however title was acquired); Connor v. Benedict, 481 Mass. 567, 577 (2019).

5

the wife's allegation of abuse in the relationship.  The judge credited the wife's testimony that the husband abused her emotionally and psychologically during the marriage.  See Cerutti-O'Brien v. Cerutti-O'Brien, 77 Mass. App. Ct. 166, 171 (2010) (judge in divorce proceedings entitled to make witness credibility determinations).  Factoring that abuse into the decision to award the marital home to the wife was within the judge's discretion.  See Kittredge v. Kittredge, 441 Mass. 28, 38 (2004) (in equitable division, it is appropriate for judge to consider conduct that has harmed marriage or marital estate).  We are not persuaded by the husband's contention that the judge based the decision to award the marital home to the wife "primarily" on this conduct, or that he gave it "too much" weight.  While the judgment does not detail the exact weight given to each factor, abuse is noted in just one of the judge's twenty-six factual findings.  We therefore discern no abuse of discretion in the judge's consideration of the history of abuse during the marriage as one of several factors in the division of marital property.

c.  The foundation's assets.  The husband argues that the judge erred by considering the assets in the foundation in the division of the assets.  Massachusetts law construes a party's estate broadly, to include "all property to which a party holds title, however acquired."  Williams, 431 Mass. at 625.  Here,

6

there was evidence at trial that the accounts for the foundation were in the husband's name.  According to the wife, payments from the foundation went into forty-two different bank accounts for the husband.[3]  Her testimony was supported by the husband's financial statements, which showed that the majority of withdrawals from the foundation went into his personal accounts.  By contrast, the husband claimed he could not remember "when and where" he deposited the funds for substantial deposits from real estate sales.  Moreover, the husband obstructed the judge's efforts to verify his financial information by omitting several accounts, including those for the foundation, from his initial trial financial statement.  Based on this evidence, the judge found that the husband regularly used the foundation's funds for personal expenses and that it was not a legitimate nonprofit entity.  We discern no error in that finding or in the judge's conclusion that the foundation functioned as an extension of the husband's personal assets and thus should be included in the marital estate.[4]

---

[3] The wife hired a forensic accountant to investigate the foundation, but the accountant did not testify at trial.

[4] We note that regardless of the judge's determination about the foundation, he concluded that none of its assets should be distributed to the wife, largely because of the short length of the marriage.

d. The wife's voluntary career change. Lastly, the husband argues that it was error for the judge to consider the wife's career change in the division of assets. He contends that the judge made contradictory findings about whether her decision was voluntary or the result of undue pressure from the husband. However, we see no inherent contradiction in the judge's finding that the husband influenced the wife's decision to change careers and reduce her income, while not crediting the wife's testimony that she did so entirely under duress from the husband. Under these circumstances, it was well within the judge's broad discretion to include the wife's career change in his consideration of the division of assets.[5] See Ross v. Ross, 385 Mass. 30, 37 (1982) (weight accorded to each § 34 factor within judge's discretion).

Judgment affirmed.

By the Court (Grant, Brennan & Smyth, JJ.[6]),

Clerk

Entered: December 22, 2025.

---

[5] The wife's request for appellate attorney's fees is denied.

[6] The panelists are listed in order of seniority.